Electronically Submit
10/1/2020 9:42 ,
Hidalgo County Cl
Accepted by: Alma Nava

**CL-20-3681-D**

| | | |
|---|---|---|
| **MARIANO ANDRADE HERRADA** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **AT LAW NO. ___** |
| | § | |
| | § | |
| **SALIM HIRMIZ and** | § | |
| **OVIE SERVICES, INC.** | § | **HIDALGO COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE AND OTHER DISCOVERY REQUESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COMES NOW MARIANO ANDRADE HERRADA,** hereinafter referred to as "Plaintiff", complaining of **SALIM HIRMIZ AND OVIE SERVICES, INC.,** hereinafter sometimes referred to as "Defendants", and would respectfully show unto the Court the following:

### I.
### Discovery Control Level

   This case will be governed by Discovery Control Level 2.

### II.
### Parties

   Plaintiff resides in Hidalgo County, Texas.

   Defendant, **SALIM HIRMIZ,** is an individual who resides in Macomb County, Michigan, and may be served with process by serving his at his residence at 25180 Ryan Road, Warren, Michigan 48091 or wherever found.

   Defendant, **OVIE SERVICES, INC.,** is incorporation doing business in the State of Texas in the County of Hidalgo, Texas, and may be served with process by serving their agent of service Stephanie Carver at 46450 Ern Drive, Macomb, Michigan 48042 or wherever found.

### III.



EXHIBIT
B

Electronically Submit
10/1/2020 9:42
Hidalgo County Cl
Accepted by: Alma Nava

**CL-20-3681-D**

### Venue

Venue of the above-styled cause is proper in Hidalgo County pursuant to the provisions of §15.001 and §15.002, of the TEX. CIV. PRAC. & REM. CODE, in that the event giving rise to the claim occurred in Hidalgo County, Texas.

**THERE IS NO DIVERSITY OF JURISDICTION. The Defendant OVIE SERVICES, INC., conducts business in The State of Texas and the event giving rise to the claim occurred in Hidalgo County, Texas.**

### IV.
### Factual Allegations

On or about October 1st, 2018, Plaintiff, **MARIANO ANDRADE HERRADA** was the driver of a 2004 International 4000 Trailer with registered (VIN 1HTMKAAL14H663985) and was parked inside the yard at the 9600 block of South International Boulevard facing north next to trailer in the City of Pharr, Hidalgo County, Texas.  Defendant, **SALIM HIRMIZ**, was operating 2016 white Volvo TT (VIN 14V4NC9EH1GN937683), negligently entrusted to him by Co-Defendant **OVIE SERVICES, INC.** At approximately the same time, Defendant **SALIM HIRMIZ** was traveling westbound inside the yard of the 9600 block of South International Boulevard towing a MFG Utility Trailer. Defendant was making a left turn inside the yard, turned improperly-cut corner on left negligently struck Plaintiff **MARIANO ANDRADE HERRADA** vehicle's left front with Defendant vehicle's left back side.  Because of Defendant **SALIM HIRMIZ'** wanton inattention and the duties imposed on motor vehicle operators, Plaintiff has sustained bodily injuries and suffered mental anguish.

Electronically Submit
10/1/2020 9:42 .
Hidalgo County Cl
Accepted by: Alma Nava

CL-20-3681-D

## V.
## Causes of Action

The incident in question and some of the resulting damages as set forth below were caused by the negligence of **SALIM HIRMIZ**, whereby she was negligent in the following respects:

a. In failing to keep such proper lookout as an ordinary person of ordinary prudence would have kept under the same or similar circumstances;

b. In driver inattention;

c. In failing to apply brakes timely and properly;

d. In ramming into the Plaintiff's vehicle.

The above-described incident and resulting damages as set forth below were caused by the acts and omissions of Defendants.

Each of the aforementioned negligent acts or omissions of these Defendants constitutes negligence and negligence *per se* and was the proximate cause of the collision and of the resulting damages and injuries to Plaintiff. Further said negligent acts institute negligence *per* se.

Additionally, Defendant, **SALIM HIRMIZ'** unexcused breach of the duties imposed by Texas Transportation Code Sec. 545.103. SAFELY TURNING. An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely in compliance with law and the duty of each person to use due care and sec. proximately caused the Plaintiff's injuries described herein.

### Causes of Action: Negligent Entrustment
### (OVIE SERVICES, INC.)

The incident in question and resulting damages as set forth below were partly caused by the negligent entrustment of Defendant **OVIE SERVICES, INC.**, in that they allowed their

Electronically Submit
10/1/2020 9:42
Hidalgo County Cl
Accepted by: Alma Nava

**CL-20-3681-D**

vehicle to be driven by Defendant **SALIM HIRMIZ**, knowing he lacked the proper skills in driving a vehicle on public roadways.

The above-described incident and resulting damages as set forth below were caused by the acts and omissions of Defendant, **OVIE SERVICES, INC.**

## VI.
### Damages

As a proximate result of the Defendants' negligence, Plaintiff has had to make a claim for the following damages:

(a)     pain and suffering in the past and future;

(b)     mental anguish in the past and future;

(c)     physical disability in the past and future;

(d)     medical expenses in the past and future;

(e)     property damage;

Plaintiff is requesting the limits allowed by law of this Court as damages to satisfy the causes of action herewith contained.  Pursuant to Rule 47, Plaintiff is requesting monetary relief over $200,000, but not more than $1,000,000.

## VII.

Pursuant to Rule 194, the Defendants named herein is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(1).

## VIII.

Attached to this Original Petition you will find the following:

1.  Plaintiff's First Set of Interrogatories to the Defendant, SALIM HIRMIZ.
2.  Plaintiff's Request for Production to the Defendant, SALIM HIRMIZ.
3.  Plaintiff's Request for Admissions to the Defendant, SALIM HIRMIZ.
4.  Plaintiff's First Set of Interrogatories to the Defendant, OVIE SERVICES, INC.
5.  Plaintiff's Request for Production to the Defendant, OVIE SERVICES, INC.; and

Electronically Submit
10/1/2020 9:42
Hidalgo County Cl
Accepted by: Alma Nava

**CL-20-3681-D**

6. Plaintiff's Request for Admissions to the Defendant, OVIE SERVICES, INC.

## IX.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby give actual notice to Defendants that any and all documents, photographs and experts and witnesses designated by Plaintiff, Defendants or any other party in response to written discovery, supplemental discovery, amended discovery, and any and all depositions, may be used against the producing Defendants at any special appearance, pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII. Spoliation

Plaintiff hereby requests and demands that the Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, email, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voice mail, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items will constitute "spoliation" of the evidence.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **MARIANO ANDRADE HERRADA,** requests that the Defendants, **SALIM HIRMIZ** and **OVIE SERVICES, INC.,** be adjudged liable to their as set forth above, and for all lawful pre-judgment and post-judgment interest, for costs of court and for such other and further relief to which Plaintiff may be justly entitled.

Electronically Submit
10/1/2020 9:42
Hidalgo County Cl
Accepted by: Alma Nava

**CL-20-3681-D**

Respectfully Submitted,

**RUSHING LEGAL, PLLC.**

By: _____

S. Greg Rushing
Texas Bar No. 24513772
9610 Long Point Road, # 300
Houston, Texas 77055
Telephone: 713-574-5969
Facsimile: 888-441-5188
gregrushing@hotmail.com

**ATTORNEY FOR PLAINTIFF**

CAUSE NO. __CL-20-3681-D__

| | | |
|---|---|---|
| **MARIANO ANDRADE HERRADA** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **AT LAW NO. ___** |
| | § | |
| | § | |
| **SALIM HIRMIZ and** | § | |
| **OVIE SERVICES, INC.** | § | **HIDALGO COUNTY, TEXAS** |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANTS, SALIM HIRMIZ AND OVIE SERVICES, INC

TO:   Defendant, **SALIM HIRMIZ**, at 25180 Ryan Road, Warren, Michigan 48091 or wherever found or wherever found.

Defendant, **OVIE SERVICES, INC.**, through their agent of service Stephanie Carver at 46450 Erb Drive, Macomb, Michigan, 48042, or wherever found.

## A. INSTRUCTIONS

Please take notice that Plaintiff, **MARIANO ANDRADE HERRADA**, pursuant to Rule 197 of the Texas Rules of Civil Procedure, propounds the attached interrogatories to be answered by Defendants, **SALIM HIRMIZ and OVIE SERVICES, INC.**   You must answer these Interrogatories fully, separately, in writing, and under oath, within fifty (50) days after service of this Notice.  Your answers to these Interrogatories may be offered into evidence at the trial of this matter. You are also under a duty to supplement your answers to these Interrogatories in accordance with the Texas Rules of Civil Procedure.

## B. DEFINITIONS

1. "Documents":  As used herein, the terms "documents" or "documents" shall include any written, typed, printed, recorded, graphic or photographic matter or sound reproduction however

CL-20-3681-D

produced or reproduced, shall include every copy where such copy contains any commentary, marginal, or notations whatsoever that do not appear in the original, and shall mean any written, typed, printed, recorded, graphic or photographic matter or sound reproduction however produced or reproduced, including without limitation, all correspondence, agreements, contracts, summaries and/or transcripts of communications, written communications, telegrams, memoranda, handwritten notes, summaries of personal conversations and/or interviews, audio or video tape recordings, diaries, calendars, all filings with any governmental body, documents demonstrating any application for insurance, documents demonstrating authority or lack thereof, personnel files, policy files, checks, claims, invoices, income tax returns and shall include every copy where such copy is not an identical reproduction of the original or where such copy contains any commentary, marginal comment or notation whatsoever that does not appear in the original.

Further, the terms "document" or "documents" shall include any document considered privileged by you, which document shall be identified by type of document, general subject matter, author, its present location and custodian, date and grounds alleged as authority for the claim of privilege in order to assist Plaintiff and the Court in determining whether or not the claim of privilege to such document is proper.

2. "Identify" or Identification":

(a)     When used in reference to a person, "identify" or "identification" means to state his/her full name, business and home phone number, and present or last known home address, as well as employer and business address;

(b)     When used in reference to a public or private corporation, governmental entity, "identify" or "identification" means to state its full name, present or last known business or operating address, the name of its chief executive officer, and the name

CL-20-3681-D

and position of any individual connected with such entity or organization who has knowledge of the information requested or who has been a party to any communication involving the subject matter of this lawsuit or arbitration;

(c)     When used with respect to a document, "identify" or "identification" means to state its date, author, subject or substance, all recipients thereof, the type of documents, its present location, and the identify of each of its present custodians.   In lieu of identification of a document, you may attach a copy of such document to its answer;

(d)     When used with respect to an event, "identify" or "identification" means to include:

    (1)     A detailed description of the event or allegation at issue;

    (2)     The date or dates on which such event occurred, or, if the date or dates are not known, then the time period involved in the events giving rise or relating to the allegations;

    (3)     The name, address, phone numbers and affiliation of all persons involved in the event or allegations; and

    (4)     The date, author, addressee or recipient and any type of document or any document relating to or concerning such event or allegation.

(e)     When used in reference to an expert, "identify" or "identification" means to state that expert's full name, phone number, and present or last known address, employer and business address, educational history, employment history, academic or professional honors or awards, degrees, achievements, treatises, articles, papers, journals, or similar subject matter prepared, authored (or co-authored) by such expert, whether published or no, and/or other matters of distinction.   In lieu of the above, you may

CL-20-3681-D

provide a current resume or curriculum vitae that substantially provides the requested information.

3.    "Person" means any natural person, governmental agency, corporate entity, proprietorship, partnership, corporation, and/or any other form of organization or association.

4.    "Communication" means any document, oral statement, meeting or conference, formal or informal, at any time or place, and under any circumstance whatsoever, whereby information of any kind was transmitted in any manner whatsoever.

Respectfully Submitted,

**RUSHING LEGAL, PLLC.**

By: _____

S. Greg Rushing
Texas Bar No. 24513772
9610 Long Point Road, # 300
Houston, Texas 77055
Telephone: 713-574-5969
Facsimile: 888-441-5188
gregrushing@hotmail.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the date the Plaintiff's Original Petition was filed, a true and correct copy of the foregoing Interrogatories were forwarded to Defendants together with Plaintiff's Original Petition.  Please see the return of service of process for dates of service of these Interrogatories on the above-referenced Defendants.

_____
S. GREG RUSHING

**CL-20-3681-D**

## <u>INTERROGATORIES</u>

<u>IDENTIFICATION</u>

1.  State the complete name and the business and residential address and telephone numbers of the <u>PERSON</u> answering these interrogatories.

ANSWER:

1A.  State the full name of Defendants, including every assumed name under which the Defendant conducts business, and the nature of your association with each entity named below.

ANSWER:

1B.  Is the party described in your answer to Interrogatory No. 1A the same Defendant who is a party to the suit that is the subject of these Interrogatories?

ANSWER:

### <u>STATEMENT BY PLAINTIFF(S)</u>

2.   Please state whether or not the Plaintiff has made or given any statement(s), representations, declarations, and/or admissions to the Defendants (including agents, or representatives) or any other person or entity concerning the above cause or its subject matter and whether it is in your possession, custody or control.  If so, please attach a copy of any such statement(s) to your answers to interrogatories.

ANSWER:

### <u>INVESTIGATION CONDUCTED</u>

3.   Please describe fully all investigations of the incident made the basis of this lawsuit undertaken by you and/or by any agent or representative of yours and/or by any agent, employee or representative of an insurance company, claims investigation or adjuster (other than those that are privileged by law) including who conducted the investigation, when the investigation was conducted and the results, findings or conclusions of said investigation.  If you are claiming privilege as to any investigation, based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe the litigation would ensue, including what overt statements were made by Plaintiff upon which you rely.

ANSWER:

CL-20-3681-D

## NET WORTH

4.      State your "net worth" and identify all documents you have referred to or relied upon to calculate your net worth.

ANSWER:

## CONTENTION-EXAGGERATION OF COMPLAINTS

5.      Do you contend that the Plaintiff has exaggerated any complaint, symptom, or impairment in connection with the injuries alleged to have been sustained in this incident.

ANSWER:

## MITIGATION OF DAMAGES

6.      Do you contend that the Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages?  If so, please describe the basis of your contention and what evidence exists to support same.

ANSWER:

## CONTENTION - PREVIOUS OR SUBSEQUENT INJURY

7.      If you have contend that the Plaintiff's injuries and/or damages were caused by some other injury, disease or condition, either before or after the incident in question in this case, describe in detail such pre-existing or subsequent disease, injury or condition.

ANSWER:

## DEFENDANTS IN PREVIOUS SUITS

8.      State the name and address of each person who has ever sued you or who has ever written or caused to be written any letter to you threatening to sue you, other than the present case.  State the nature of the suit or threatened suit, the name of any attorney who represented you and any other person in the suit and the final disposition of each.  Also, state the style, cause number, and court of each such suit.

ANSWER:

**CL-20-3681-D**

## CONTENTION - FACTS OF OCCURRENCE IN QUESTION

9.   What is the Defendant's understanding or contention with respect to how the occurrence in question occurred, and how and why Plaintiff sustained his injuries (including but not limited to who was operating the vehicles and the names and addresses of all occupants of the vehicle involved in the collision in question).

ANSWER:

## STATEMENT BY DEFENDANTS

10.   If Defendants, Defendant's corporate representative, employee or agent has given a statement to anyone other than Defendant's attorney, with respect to the occurrence in question, please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

ANSWER:

## CONTENTION OF RESPONSIBILITY OF OTHER PARTY

11.   Does the Defendants contend that any other person or entity is responsible for any act or omission which caused or contributed to cause the occurrence in question or the alleged defect or condition which Plaintiff alleges was a cause of the occurrence in question?  If so, please describe in detail what the Defendant's contention is.

ANSWER:

## OWNER OF VEHICLES

12.   Please state the full name and present address of the owner or owners of the vehicles which were being operated at the time of the collision in question.

ANSWER:

## PRIOR TO COLLISION

13.   Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

ANSWER:

CL-20-3681-D

<u>TRAFFIC CITATION</u>

14.    Did you receive a traffic citation as a result of a moving violation?  If so, state:

      (a)    The name and location of the court in which you were to appear on that citation;

      (b)    The violations of law charged in that citation; and

      (c)    The date, place and manner (i.e. type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

ANSWER:

15.    Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams or photographs taken of the scene of this collision or any photographs taken of any of the physical or mechanical objects or of the person(s) involved in this collision?

ANSWER:

16.    If your answer to Interrogatory No. 15 above is in the affirmative, then answer the following:

      (a)    Identify and describe each map, chart, diagram or photograph known to you;

      (b)    Attach a copy of each map, chart, diagram or photograph to your answers to these interrogatories or indicate your willingness to allow Plaintiff, to inspect and copy or photograph the same at Plaintiff's expense.

ANSWER:

17.    Please state the dollar amount of any property damage that resulted to your vehicle involved in the incident made the basis of this suit.

ANSWER:

18.    Please identify any user names, screen names or other identities used on computer sites, social media sites, and/or professional networking sites such as, but not limited to, Facebook, MySpace, Twitter, and LinkedIn. Please note that deleting information from these sites that is pertinent to this lawsuit may result in a spoliation claim.

ANSWER:

CL-20-3681-D

19.     State whether you have ever been convicted of or pled guilty to any crime, felony, offense, or misdemeanor involving moral turpitude, whether you have been in any jail or prison and, if so, give the name and location of any jail or prison in which you have been confined.   State whether you are presently on probation in connection with any conviction and, if so, the name and location of your probation officer.

ANSWER:


20.     Please state whether on the day of the incident you had consumed any alcoholic beverage or drug of any kind.  If so, please state:

        a.      The amount consumed;
        b.      Type of beverage or drug;
        c.      Location of the consumption of such beverage or drug;
        d.      The time of such consumption.

ANSWER:


21.     Were you using a cellular or mobile telephone at the time of the incident in question?  If not, please identify the last time you used a cellular or mobile telephone prior to the time of the incident.

ANSWER:

**CL-20-3681-D**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | **AFFIDAVIT** |
| COUNTY OF _____ | § | |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared _____, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1. My name is _____. I am over the age of eighteen (18) years, have personal knowledge of, and am competent to testify to the facts set forth herein.

2. I have read the above interrogatories the answers are true and correct to the best of my knowledge.

_____

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said _____ on the _____ day of _____, 2020, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

CAUSE NO. <u>CL-20-3681-D</u>

| | | |
|---|---|---|
| **MARIANO ANDRADE HERRADA** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **AT LAW NO. ___** |
| | § | |
| | § | |
| **SALIM HIRMIZ and** | § | |
| **OVIE SERVICES, INC.** | § | **HIDALGO COUNTY, TEXAS** |

<u>**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO THE DEFENDANTS, SALIM HIRMIZ AND OVIE SERVICES, INC**</u>

TO:    Defendant, **SALIM HIRMIZ**, at 25180 Ryan Road, Warren, Michigan 48091 or wherever found or wherever found.

Defendant, **OVIE SERVICES, INC.**, through their agent of service Stephanie Carver at 46450 Erb Drive, Macomb, Michigan, 48042, or wherever found.

COMES NOW Plaintiff, **MARIANO ANDRADE HERRADA**, in the above-styled and numbered cause and files these Requests pursuant to Rule 196 of the Texas Rules of Civil Procedure, and Plaintiff requires that Responses to the same be filed no later than fifty (50) days after the date of service hereof.

Plaintiff designates the manner of discovery to be by Defendants providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining

CL-20-3681-D

delivery there from.   Plaintiff will return Defendant's photographs, movies, videotapes, and tangible unduplicated items to Defendants as requested by Defendants.

Plaintiff designates fifty (50) days after the date of service of these Requests for Discovery and Production as the date to obtain custody of such items.  Pursuant to Rule 196, Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial, and specifically include supplementation regarding expert witnesses, and expert witnesses' reports, physical models, compilations of data, photographs or videos, and other materials that have been prepared by, relied upon, reviewed by, or used by an expert.

## DEFINITIONS AND INSTRUCTIONS

A.     As used herein, the term "you", "your", or "Defendant" shall mean **SALIM HIRMIZ** as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

B.     When used herein "Plaintiff" means **Plaintiff named in this cause of action**.

C.     When used herein "incident" or "occurrence" or mean the incident, which occurred on **October 1st, 2018** as described in Plaintiff's Original Petition.

D.  The term "document" or "documents" shall mean all writings, correspondence records, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all non-identical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, irrespective of whether such

CL-20-3681-D

was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative agency, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter. It shall also include communications in words, symbols, pictures, audio recordings, films/movies, videotapes, and information stored in, or accessible through, computers or other electronic information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

Further, to the extent that the information requested hereinafter exists within a computer, computer retrieval system, computer recorded medium or other electronically recorded method you are requested to reduce the information to paper copy.

E. The term "Person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

F. Unless defined otherwise in an individual Interrogatory or Request for Production "Identify", "Identity", or "Identification" have the following meanings:

1. When used in reference to a person, "identify", "identity", or "identification" means to state his/her full name, present or last known residence address, present or last known business address, and residence and business telephone numbers.

2. When used in reference to a public or private corporation, governmental entity, partnership, association, or any other business entity, "identify", "identity", or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

CL-20-3681-D

3.  When used in reference to a <u>document</u>, "identify", "identity", or "identification" shall

include a statement of the following:

(a) the title, heading, or caption, if any, or such document; and

(b) the identifying numbers, letters, or combination thereof, if any, and the

significance or meaning of such numbers, letters, or combination thereof, if

necessary to an understanding of the document and evaluation of any claim of

protection from discovery; and

(c) the date appearing on such document; and if no date appears thereon, the answer

shall so state and shall give the date or approximate date on which such document

was prepared; and

(d) the number of pages and the general nature of description of such document

(i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient

particularity so as to enable such document to be precisely identified; and

(e) the name and capacity of the person who signed such document; if it was not

signed, the answer shall so state and shall give the name of the person or persons

who prepared it; and

 (f) the name and capacity of the person to whom such document was addressed

and the name and capacity of such persons, other than such addressee, to whom

such document, or a copy thereof, was sent; and

(g) the physical location of the document and the name of its custodian or

custodians.

4.  When used in reference to a <u>statement</u>, "identify", "identity", or "identification" means

the following:

CL-20-3681-D

(a) the identity of the person who made the statement, the person who took or recorded the statement, and all persons present during the making of the statement; and

(b) the date, location, and method by which the statement was taken and/or recorded; and

(c) the identity of the person or persons who has present or last known possession, custody, or control of the statement.

G.  If any document which would be responsive to any interrogatory herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined hereinabove, and by additionally stating whether it is missing or lost, it has been destroyed, it has been transferred voluntarily to others, or it has been otherwise disposed of, and in each instance in which it has been destroyed, transferred, or disposed of:

1.  Explain the circumstances surrounding such disposition; and

2.  Identify the persons(s) directing or authorizing its destruction or transfer; and

3.  The date(s) of such direction or authorization; and

4.  Whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s).

H.  "Expert" means any expert who is expected to testify at trial, either in your case in chief or rebuttal, by deposition or live testimony, and any expert who has been informally consulted, retained, or specially employed in anticipation of litigation or preparation for trial, but who will not be called to testify, whose opinions or impressions, including any documents, tangible things, test results, factual observations, data, or work product containing such impressions and opinions, have been reviewed by a testifying expert.

CL-20-3681-D

I. "Control" means within your possession, custody, or control and includes constructive possession as long as you, your attorneys, agents, or representatives, whether natural persons or business or legal entities, have superior right to compel the production from any third party, whether natural persons or business or legal entities, and including any agency, authority, or representative.

Respectfully submitted,

**RUSHING LEGAL, PLLC.**

By: _____
S. Greg Rushing
Texas Bar No. 24513772
9610 Long Point Road, # 300
Houston, Texas 77055
Telephone: 713-574-5969
Facsimile: 888-441-5188
gregrushing@hotmail.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the date the Plaintiff's Original Petition and Certificate was filed, a true and correct copy of the foregoing Requests for Production were forwarded to Defendants together with Plaintiff's Original Petition. Please see the return of service of process for dates of service of this Request for Production on the above-referenced Defendants.

_____
**S. GREG RUSHING**

## CL-20-3681-D

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate a true and correct copy of any and all statements given by Plaintiff, any witnesses, or any agent of the Defendants regarding the incident that is the basis of this action whether oral or written.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate any and all photographs, diagrams, or exhibits of the scene of the incident that is the basis of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate any and all photographs, video tapes or motion pictures of the Plaintiff taken by the Defendants or its investigators since the date of the incident made the basis of this suit but prior to the initiation of this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate any and all copies of any insurance policies which would or might cover and/or include liability for injuries arising out of the incident forming the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents (including but not limited to any and all insurance policies and declaration sheets) that demonstrate, reflect, relate to and/or substantiate any and all reservations of rights agreements or understandings entered into between the Defendants and any and all insurance companies.

**RESPONSE:**

CL-20-3681-D

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate any statements of any witnesses to the incident made the basis of this suit or anyone who has any knowledge of the facts surrounding this incident that is in the possession of the Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate a copy of the incident report or investigation prepared for or by the Defendants prior to the initiation of litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate a true and correct copy of any and all documents, reports, memoranda, scratch pads, or any tangible item prepared by the Defendants, its agents, employees, or assigns, to report or document the incident and claim made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate a true and correct copy of any and all documents, reports, or memoranda prepared by Defendants to report the claim by the Plaintiff to the insurance carrier for the Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate any claim or defense the Defendants intends to assert in this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents that demonstrate, reflect, relate to and/or substantiate the insurance policies identified in Answer to Defendant's Interrogatories.

**RESPONSE:**

CL-20-3681-D

## REQUEST FOR PRODUCTION NO. 12:

Any and all documents that demonstrate, reflect, relate to and/or substantiate any previous claims and/or lawsuits filed or threatened to be filed against the Defendants.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 13:

Any and all documents that demonstrate, reflect, relate to and/or substantiate communications prepared prior to the initiation of litigation between the Defendants and his employer to report or evaluate the incident that is the subject of this action.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 13:

All videotapes, drawings, files, graphs, charts and photographs of the location and/or instrumentality of the incident.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 14:

All videotapes and photographs of the incident, location, vehicles in question, persons involved, exemplar vehicles, and Defendants, which may be offered into evidence at the trial of this matter.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 15:

Execute and return the attached Application for Copy of Driver Record.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 16:

Complete and legible photocopies of all written statements taken from Plaintiff, and/or any Defendants, their agents, or representatives, by Plaintiff, or anyone acting on Plaintiff's behalf.

## RESPONSE:

CL-20-3681-D

## REQUEST FOR PRODUCTION NO. 17:

Please produce any and all damage appraisals, repair estimates, repair bills or invoices concerning your vehicle for damages that resulted from the incident made the basis of this lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 18:

Please produce any and all photographs, video tapes or motion pictures of the damage done to your vehicle as a result of this incident made the basis of this lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 19:

Identify any screen names or other identities used on computer sites, social media sites, and/or professional networking sites such as, but not limited to, Facebook, MySpace, Twitter, and LinkedIn. (Please note that deleting information from these sites that is pertinent to this lawsuit may result in a spoliation claim. Therefore, instructions are attached to download a complete copy of your current Facebook profile so that it may be preserved for discovery and litigation purposes.)

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 20:

Produce a copy of your Facebook profile with any and all entries, including, but not limited to, documents, notes, videos, photographs, messages, comments, and postings, from the date of the incident made the basis of this lawsuit to the present. (Instructions on how to download a Facebook profile are attached.)

## RESPONSE:

CAUSE NO. **CL-20-3681-D**

| MARIANO ANDRADE HERRADA | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| | § | |
| VS. | § | |
| | § | AT LAW NO. ___ |
| | § | |
| | § | |
| SALIM HIRMIZ and | § | |
| OVIE SERVICES, INC. | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO THE DEFENDANTS, SALIM HIRMIZ AND OVIE SERVICES, INC.

TO:    Defendant, **SALIM HIRMIZ**, at 25180 Ryan Road, Warren, Michigan 48091 or wherever found or wherever found.

Defendant, **OVIE SERVICES, INC.**, through their agent of service Stephanie Carver at 46450 Erb Drive, Macomb, Michigan, 48042, or wherever found.

COMES NOW **MARIANO ANDRADE HERRADA**, the Plaintiff in the above styled and numbered cause, through her attorney of record and pursuant to Rule 198 of the Texas Rules of Civil Procedure propounds the attached request for admissions to be answered by the Defendants within fifty (50) days of the service of these requests for admissions.

Your attention is called to the following important provisions of Rule 168 of the Texas Rules of Civil Procedure regarding admissions and their answers:

1.  You shall answer each admission separately and fully under oath, and your answers will be filed in the papers of this cause.

2.  These requests for admissions shall be signed by the party to whom they are directed.

3.  To the extent possible, the requests for admissions are to be answered in spaces provided.

4.  Your attorney in this case is not to sign or swear to the answers you have made to these requests for admission.

CL-20-3681-D

Respectfully submitted,

**RUSHING LEGAL, PLLC.**

By: _____

S. Greg Rushing
Texas Bar No. 24513772
9610 Long Point Road, # 300
Houston, Texas 77055
Telephone: 713-574-5969
Facsimile: 888-441-5188
gregrushing@hotmail.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the date the Plaintiff's Original Petition and Certificate was filed, a true and correct copy of the foregoing Requests for Production were forwarded to Defendants together with Plaintiff's Original Petition.  Please see the return of service of process for dates of service of this Request for Production on the above-referenced Defendants.

_____
S. GREG RUSHING

CL-20-3681-D

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that Plaintiff is entitled to all relief which he seeks.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that Plaintiff is not negligent.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that the incident made the basis of this lawsuit did not arise from any acts or omissions of Plaintiff.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that Plaintiff's damages are in excess of $50,000.00.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that Defendant was negligent as stated in Plaintiff's Original Petition.

**ANSWER:**

Electronically Subm
10/2/2020 11:0₺
Hidalgo County (
Accepted by: Sandra Fa

### CAUSE NO. CL-20-3681-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

> To:   OVIE SERVICES, INC
> REGISTERED AGENT STEPHANIE CARVER
> 46450 ERB DRIVE
> MACOMB, MI 48042
> OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 1st day of October, 2020 in this Cause Numbered CL-20-3681-D on the docket of said Court, and styled,

### MARIANO ANDRADE HERRADA
#### vs.
### SALIM HIRMIZ; OVIE SERVICES, INC. DBA OVIE LOGISTICS EXPRESS

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiff's First Set Of Interrogatories To The Defendants, Salim Hirmiz And Ovie Services. Inc accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
S. GREG RUSHING
9610 LONG POINT RD STE 300
HOUSTON TX  77055

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 2nd day of October, 2020.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #4

BY _____ DEPUTY
SANDRA FALCON

Electronically Subm
10/2/2020 11:0
Hidalgo County
Accepted by: Sandra Fa

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

**SHERIFF'S RETURN**
Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

**DEFENDANT SERVED**

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _Dvi e Services, Inc Stephanie Cerna_ DATE _10/19/20_ TIME _0:00 AM_ PLACE _46450 ERB Drive Mecomb, MJ 48042_

By: _Kevin L. Sander_                     By: _____
       **CIVIL PROCESS SERVER**                  **DEPUTY SHERIFF/CONSTABLE**

**DEFENDANT NOT SERVED**
Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____        By: _____
       **CIVIL PROCESS SERVER**                  **DEPUTY SHERIFF/CONSTABLE**

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Kevin L. Sader_, my date of birth is _7-14-61_ and my address is _Mission, TX_. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _Hidalgo_ County, state of Texas, on the _19th_ day of _Oct_, 20 _20_.

_Kevin L. Sander_
DECLARANT
_8/15/22    #9700_

If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number